**Ramon DIAZ, # 31113–039, Plaintiff,**

v.

**Daniel VAN NORMAN,
et al., Defendants.**

**Case No. 04–CV–74879–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 5, 2005.

## *OPINION AND ORDER OF SUMMARY DISMISSAL*

COHN, District Judge.

### I.

This is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a).

Plaintiff is a federal prisoner currently confined at the McCreary United States Penitentiary in Pine Knot, Kentucky. In his complaint, Plaintiff states that he is a Mexican citizen and alleges that state and federal officials deprived him of his rights under Article 36 of the Vienna Convention on Consular Relations (VCCR) by failing

to notify the Mexican Consulate of his arrest on criminal charges. Defendants are Assistant Public Defender Daniel Van Norman, Assistant United States Attorneys Robert Haviland and James Mitchell, the Flint, Michigan Police Department, an unknown attorney from Chicago, Illinois, and unknown agents from the Drug Enforcement Agency. Plaintiff seeks injunctive relief and monetary damages.

## II.

■ Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## III.

■ To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir.1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir.1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A for failure to state a claim upon which relief may be granted.

■ As noted, Plaintiff asserts that he is entitled to injunctive relief and monetary damages due to an alleged violation of the consulate notification provision of the VCCR. The United States Court of Appeals for the Sixth Circuit, however, has held that the Vienna Convention does not create a right for a detained foreign national to consult with the diplomatic representatives of his nation that the federal courts can enforce. *See United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001). Although some courts may have reached a contrary conclusion, *see, e.g., Standt v. City of New York*, 153 F.Supp.2d 417, 422–31 (S.D.N.Y.2001), the Court is bound by the law of the Sixth Circuit. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted such that his civil rights complaint must be dismissed.[1]

---

**1.** The Court is aware that the International Court of Justice has issued advisory opinions indicating that Article 36 of the VCCR creates personal rights. *See LeGrand Case (Germany v. United States of America)*, 2001 ICJ 104 (Judgment of June 27) and *Avena and Other Mexican Nationals (Mexico v. United States of America)*, 2004 ICJ 128 (Judgment of March 31). The United States Supreme Court, recently granted certiorari in *Medellin v. Dretke*, —— U.S. ——, 125 S.Ct. 686, 160 L.Ed.2d 518 (2004), to determine, in part, whether courts in the United States should give effect to the *LeGrand* and *Avena* decisions. Thus, the issue

Furthermore, even if Plaintiff had standing to bring an action in federal court to enforce his rights under the VCCR, his civil rights complaint would still be subject to dismissal. A claim under § 1983 and/or *Bivens* is an appropriate remedy for a prisoner challenging a condition of his imprisonment. *Preiser v. Rodriguez,* 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In this case, however, Plaintiff is actually seeking habeas corpus relief, inasmuch as his claims address the validity of his imprisonment. Ruling on the claims raised would necessarily imply the invalidity of his continued confinement. *See, e.g., Bieregu v. Ashcroft,* 259 F.Supp.2d 342, 351–52 (D.N.J.2003) (noting that *Heck* could bar a complaint under VCCR to the extent that the plaintiff asserted a deprivation of the right to the effective assistance of counsel). Such claims are not properly brought under 42 U.S.C. § 1983 or *Bivens. See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487–89, 114 S.Ct. 2364. Given that Plaintiff challenges the circumstances underlying his continued confinement, his civil rights complaint must be dismissed.

---

is pending before the Supreme Court. In the meantime, as noted above, the Court is bound by the law of this Circuit. Should the Supreme Court follow *LeGrand* and *Avena,*

## IV.

For the reasons stated, Plaintiff has failed to state a claim against the defendants upon which relief may be granted. Accordingly, the complaint is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *McGore v. Wrigglesworth,* 114 F.3d 601, 610–11 (6th Cir.1997).

**IT IS SO ORDERED.**

---

Plaintiff, as explained *infra,* may seek habeas corpus relief in which case he will have the opportunity to challenge his conviction, and hence his custody status.